THE POLICE JURY OF THE PARISH OF JEFFERSON *v.* AARON EASTMAN.

In an action by a Police Jury for the fine imposed for building a house on the levée of a river, and for the removal of the house at the expense of the defendant, plaintiffs cannot recover, where it is shown that the building was not on the levée, but on the space in the rear thereof reserved for public use, the obstruction of which is a different offence, punishable by a different penalty.

Under the ordinances of the Police Jury of the parish of Jefferson, that body have no right, in their corporate capacity, to sue for a violation of their ordinance relative to obstructing the space, in the rear of the levée of the Mississippi, reserved for public use. The parish judge is empowered, on the complaint of any riparian proprietor, or other white person, to order the removal of such obstruction, and to impose the fine fixed by the ordinance on the party violating it.

APPEAL from the District Court of the First District, *Buchanan,* J.

*J. Seghers,* for the appellants.

*Preston,* for the defendant.

GARLAND, J. This suit was commenced in the Parish Court of the parish of Jefferson, from which an appeal was taken to the District Court of the First District. The petition sets forth, that the defendant has built a house " on the levée" at Carrolton, in contravention of the regulations of the Police Jury, and that he has neglected or refused to obey the positive order of the parish judge, given him on the 13th of October, 1840, duly served on him, "whereby he has become liable to pay by forfeiture the sum of forty-nine dollars, and to have the said

house removed at his expense." The prayer is, that the defendant be decreed to pay into the hands of the treasurer of the parish, the sum of $49, due by him as aforesaid to the parish, and that the house be removed, or destroyed, at his expense. Annexed to the petition is an order or decree made by the parish judge, of date as above stated, ordering the defendant, in conformity to the 87th article of the police regulations of the parish, to remove, within three days, the house he was then building "on the levée at Carrollton," which had been denounced by the syndic of the ward, "as obstructing the said levée, under the penalty of forty nine dollars decreed in such case, and the removal of the works at your (defendant's) expense." This document is regularly attested and sealed, and was, on the day after its date, served on the carpenter employed in building the house. The defendant first excepts to the capacity or authority of the Police Jury to institute this suit. He further excepts to the jurisdiction of the court, as he avers that the buildings and improvements, which it is the object of the suit to destroy and remove, are worth more than one thousand dollars, to which sum the jurisdiction of the court is limited. He further answers, in the event of his exceptions being overruled, by a denial of all the allegations made in the petition.

It does not appear that the exceptions were ever tried in the Parish or District Court, or that any judgment was given on them; but the counsel for the defendant has urged them both here.

The Parish Court gave a judgment for the plaintiffs for $49, for the use of the parish, and further decreed that, if the defendant did not remove the house "by him built on the levée at Carrolton," within six weeks, that then it should be "removed and destroyed by the sheriff," at the defendant's expense. The district judge reversed this judgment, because, as he says, the allegation is, that "the defendant has built a house on the levée in violation of the police regulations," and that that was the only issue he could try; and he would not go into the investigation of a distinct matter, that is, whether the tow-path, or space required by law to be kept open along the bank of the river, was obstructed or not, there being no allegation in the petition in relation to it. The evidence is, that the house is not on the levée

at all, but between it and the edge of the water, and that does not obstruct the free use of the levee, or injure it at all.

The law gives to the police juries certain powers in relation to the construction, repair, and preservation of levées; also as to the clearing of the banks of navigable streams, for the purpose of securing a free passage for boats and other craft, and for the tow lines necessary for them. B. & C.'s Dig. 640. By a special act of the Legislature, the police jury of the parish of Jefferson, are "vested with full power and authority to order and make such rules and regulations as they may deem expedient and proper, for the clearing and improving of the banks of the Mississippi, and all other navigable streams, the pulling down and removing of all buildings and other incumbrances that may obstruct the levée, or the space between the levée and the river, or that may interfere in the least with the police regulations made and passed for the better security of the levée and banks of the river;" &c. The police jury under this and the general law, have passed various ordinances, one of which relates to levées particularly, and another to the space to be left along the edge of the water, or bank of the Mississippi. For obstructing a free passage on the levée, when it is a public way, the penalty is $25, for each time the party shall fail to remove the obstruction when called on by the syndic; but for erecting works or houses, or in any way obstructing the space left or appropriated for public use, the judge of the parish has the right, on the complaint of any riparian proprietor, or other white person, to order the works or obstructions to be removed, within such delay as he shall fix in a written notice; and in case his order is not obeyed, he has full power to cause the works or obstructions to be torn down and removed at the expense of the delinquent, who is also subject to a fine, not exceeding $49. From these laws and ordinances, it will be seen that, placing obstructions on the levée, is an entirely different matter from obstructing or incumbering the tow-path, or space reserved for public use; and, therefore, when a suit is brought alleging a violation of one ordinance, the penalty imposed by the other ought not to be imposed or recovered. The power of the judge, under the law and ordinance relative to keeping the reserved space

open and clear, is extensive and summary. He is, in some degree, a municipal or police magistrate, and can call on the public officers and citizens to aid and assist him. The power is the same as that granted to the Mayor of the city of New Orleans, by the act of March 16th, 1830 (B. & C.'s Dig. 762–3), authorizing him to demolish and remove obstructions on the levée and public highways.

By an examination of the ordinance, it will be seen further, that the Police Jury, in their corporate capacity, have no right to sue under it. The judge is to act, on the complaint of a white person, or a riparian proprietor.

*Judgment affirmed.*