# SUPREME COURT OF LOUISIANA,

IN THE

### EASTERN DISTRICT, AT NEW ORLEANS,
MARCH, 1845.

---

PRESENT:

Hon. FRANCOIS XAVIER MARTIN.
Hon. HENRY A. BULLARD.
Hon. ALONZO MORPHY.
Hon. EDWARD SIMON.
Hon. RICE GARLAND.

---

THE POLICE JURY OF THE PARISH OF JEFFERSON *v.* FRANÇOIS VALCOUR VOLANT LABARRE and others.

THE SAME *v.* THE ST. MARY'S MARKET STEAM FERRY COMPANY.

THE SAME *v.* WILLIAM REILLY.

APPEALS from the District Court of the First District, *Buchanan,* J.

*J. Seghers,* for the appellants.

*L. Janin, Wills,* and *Preston,* for the defendants.

GARLAND, J. These cases originated in the Parish Court of the parish of Jefferson, and the object of all of them being the same, they were tried together in the court below, and, by an agreement in the record, the evidence in one case is to be used in all in this court; and they have been argued together, upon

The Police Jury of Jefferson v. Labarre and others.

the appeal of the plaintiffs, from the judgment of the District Court, reversing that of the Parish Court, on the appeal taken from it. The allegation, or charge in the petitions is, that the defendants " have constructed buildings and fences on their property at Gretna, which have been denounced by the syndic of the ward as obstructing the space reserved for public use, in contravention of the police regulations; " that they have failed to obey the order given by the Parish Judge to remove these obstructions, whereby each of the parties have become liable to a forfeiture of forty-nine dollars, " and to have the said works removed at their expense." The prayer is, that each defendant be condemned to pay the sum of forty-nine dollars to the parish treasurer, " due by them as aforesaid to the said parish; and that the aforesaid buildings and fences be removed or destroyed at their expense."

The defendants first except to the jurisdiction of the parish court because they say the judge thereof is the president of the police jury, and consequently one of the members of the corporation that institutes the proceedings; and they further say that, if they should be compelled to pull down their building, and to pay the forfeiture claimed, the damages each of them would sustain would exceed $1000; that, therefore, the Parish Court had no jurisdiction. The answer commences by a general denial of all the allegations; and specially alleges that the space required by law, along the bank of the Mississippi, has been left between their houses and enclosures. They further say, that the public road, which formerly ran in front of the tract of land on which Gretna now stands, has, by the consent and sufferance of the plaintiffs, been established in the street called Front street, which is in good repair and condition, and equally, if not more convenient, to the public. The defendants proceed to call their vendors in warranty, and pray for judgment against them, in case they are disturbed in their possession.

The exceptions to the capacity of the judge to try the case, and as to the amount of damages involved exceeding his jurisdiction, were never decided on, in either the Parish, or District courts; yet the counsel for the defendants urges them upon us, as if they had been.

It is admitted, that the value of the buildings and enclosures sought to be removed, exceeds $300; further, that the defendants "keep the tow-path of sixty feet, required by law, at the disposal of the public;" and further, "that the plaintiffs' claim is confined to the site of the old road, and to compel the defendants to keep or repair the levée according to the ordinance." There is no allegation in the petition, that the levée is out of repair, nor any distinct one, that the public road has been obstructed; still the whole time of the court below, and of this, has been occupied with that question; it being shown that the levée is in good order.

Mechanics Village and Gretna, are laid off on a bend of the river; the former is above, and was first surveyed into squares and streets. The public road that was in front, ran close to the levée, following it; but by the plan of the Village, it was run straight. An ordinance of the Police Jury, requires all plans of towns or villages laid out in the parish, to be submitted to them for approval, and a copy deposited in the office of the judge of the parish. Whether that of Mechanics Village was so submited and approved, the record does not inform us; but there is no complaint made of its not having been produced. When Gretna was laid out, in 1839, the plan made shows that the surveyor continued the road in a direct line, calling it Front street; the consequence is, that the lower end of the street is about 200 feet from the river. On this space, two squares were laid out into lots, but between them there is a wide street, and on the lower side a public road, both reaching the levée. The buildings and enclosures of the defendants are on these squares; and between them and the *break* of the bank at high water, there is about 60 feet open for a tow-path. This plan, it appears, was submitted to the Police Jury, on the 2d of May, 1842, and was approved with a proviso, that "a space of ground, at least 100 feet wide, commencing from the bank of the river, at high water, be always reserved for the public road, levee, and landing place." On the 16th of the same month, the president of the Steam Ferry Company, and a great number, if not all the proprietors of property in Gretna, presented their petition to the Police Jury, representing that property had been sold ac-

cording to the plan; that an open space of 60 feet along the river, in front of the Village, was sufficient for every useful purpose; and therefore, they prayed that the plan be adopted as presented, and the proviso to the resolution modified.   These petitions, it appears from the journal of the Jury, were "read and laid upon the table, subject to call;" and no vote or action appears to have been had on them afterwards.

The evidence further shows, that by following Front street to its termination, and then the road to the levée, the distance is not much greater than if the road continued along the levée, and the public convenience is as much promoted, as if the street was on the site of the old road.   The judge below, in his judgment, informs us, that he went to the place, and inspected the premises, and ascertained that what purports to be a copy of the original plan of Gretna, was incorrect, and that, in fact the front of the square in which Labarre's property is situated, is open and in good repair, and a wide street on all sides of it. The site of the old road in front of the square adjoining Mechanicsville, is, he says, obstructed; but it is no public inconvenience, as Front street affords every reasonable facility; and he dismisses the suits as being "groundless and vexatious."

In the case of the same plaintiffs against Eastman, (9 Rob. 297,) stated in considerable detail, the extensive powers conferred by the legislature on the Police Jury of the parish of Jefferson, and also referred to some of their ordinances in relation to roads and levées.   These suits are based upon their ordinances, and they make a marked difference between the tow-path and the public road, as also in the penalty for obstructing the one or the other. The 4th article of the ordinance relative to levées, ways, ditches, &c., imposes a fine of $25 on any person, who shall "obstruct the passage on land reserved for public ways," (chemins publics), and this fine can be recovered for every time the persons so obstructing the way, shall refuse, or neglect to remove it when required by the syndic of the ward.   This fine the petition does not claim; nor does it charge any breach of the ordinance, but alleges the infraction of another ordinance, and claims the imposition of a fine of $49, whilst it is admitted in the record, that there has been no breach of it, as the tow-path, or reserved space, is open.

It is necessary for the public convenience, that the Police Juries shall be sustained in the exercise of their legitimate powers in relation to roads and levées ; but it is also important that we should see that the laws relative to there being some certainty in demands being properly presented to courts, should be preserved, and take care not to give a judgment for a penalty not claimed, or for one claimed where it is admitted that there has been no breach of the law. Besides this, we are not aware of any law that authorizes the Parish Court to entertain a demand for $25, unless in case of appeal from a justice of the peace. We are, therefore, of opinion, that the District Court did not err in reversing the judgments of the Parish Court in these cases, and in dismissing them.

*Judgments affirmed.*